IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DAY, | |
|       Plaintiff, | Civil Action No: 1:23-cv-222 |
| v. | Judge Susan Paradise Baxter |
| LAUREL HARRY, et al., | Magistrate Judge Richard A. Lanzillo |
|       Defendants. | |

## PLAINTIFF'S MOTION TO LIFT THE STAY

Plaintiff Anthony Day, through undersigned counsel, respectfully moves this Honorable Court for an Order lifting the Stay entered on November 19, 2024. (ECF No. 116). Plaintiff provides the following reasons for this request:

1. On November 19, 2024, Defendants Lisa Baird, Daniel Stroup, and Zachary Jacobson (together "Medical Defendants") filed a Notice of Stay. (ECF No. 105).

2. The Notice of Stay explains that on November 11, 2024, Wellpath Holdings, Inc. and associated entities filed for Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas.

3. The bankruptcy filing prompted an automatic stay of cases against the debtor entities pursuant to section 362 of the Bankruptcy Code, with the debtor entities including Wellpath Holdings, Inc., but not individual employees of any of the Wellpath entities.[1]

4. On November 14, 2024, the bankruptcy court entered two interim stay orders. Relevant here is the order relating to Professional Corporations ("PC"), attached to the Medical Defendants' filing at Exhibit A ("PC Order"). (ECF No. 105-1).

---

[1] A full list of debtors included in this bankruptcy proceeding is available here: https://dm.epiq11.com/case/wellpath/info

1

5. The PC Order explicitly states that the bankruptcy filing operated as a stay of actions "***against any Professional Corporation***." (ECF 105-1, ¶4(a)) (emphasis added).

6. The PC Order further explains that "the Debtors shall serve a copy of this Order on the Notice Parties and each plaintiff (or, where applicable, their counsel) in any lawsuit filed as of the Petition Date ***in which a Debtor is named as one of the defendants therein***." (ECF 105-1, ¶6) (emphasis added).

7. The Medical Defendants' statement that, in this filed case, "a professional corporation associated with a Debtor . . . is named as a defendant or one of the defendants therein" is incorrect. (*See* ECF No. 105, ¶ 2).

8. None of the Defendants here include any professional corporations or debtor entities. More specifically, Wellpath (in any form) is not named as a defendant, nor is any professional corporation.

9. The Medical Defendants' assertion that the PC Stay Order stays this case is therefore based on an inaccurate premise and is incorrect. (ECF No. 105, ¶ 2).

10. Because the Medical Defendants have provided no other basis for this case to be stayed, the stay this Court imposed should be lifted.

11. Recent Supreme Court precedent makes clear that non-debtors are treated differently than debtors in a bankruptcy proceeding, and their debt cannot be discharged. *See Harrington v. Purdue Pharma L.P.*, 219 L. Ed. 2d 721, 739-740 (2024) ("[T]he bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a nondebtor without the consent of affected claimants.").

12. Further, Plaintiff is significantly prejudiced by the stay in this case. As the Court

well knows, there was a Preliminary Injunction hearing scheduled in this matter for December 11 and 12, 2024. This hearing was to be a continuation of a hearing held on September 4, 2024. The delay in scheduling the remainder of the hearing was due to the significant challenge of finding a date on which all the attorneys and witnesses were able to appear in person in Erie, PA, and not at all a reflection of the urgency of this matter. Plaintiff will continue to suffer without access to treatment until this matter is resolved, and respectfully requests that the stay be lifted so that it can proceed on the originally contemplated schedule.

13. Plaintiff's counsel filed this Motion as soon as possible after the bankruptcy filing, but could not do so until today because today was the earliest date counsel was able to speak with Plaintiff about this matter.

Plaintiff therefore respectfully requests a Court order lifting the stay entered on November 19, 2024, and reinstating all pending Motions and hearing dates in this matter.

Respectfully submitted,

/s/ Sarah Bleiberg Bellos
Sarah Bleiberg Bellos
Attorney ID# PA 327951

/s/ Su Ming Yeh
Su Ming Yeh
Attorney ID# PA 95111
PENNSYLVANIA INSTITUTIONAL LAW PROJECT
718 Arch St., Suite 304S
Philadelphia, PA 19106
215-925-2966
sbellos@pilp.org
smyeh@pilp.org

DATE: November 22, 2024                    *Counsel for Plaintiff*