IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ANTHONY DAY, | ) |
| | ) |
| Plaintiffs | ) 1:23-CV-00222-SPB |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| DR. LAUREL HARRY, SECRETARY OF CORRECTIONS/PA DOC, ET AL.; | ) |
| | ) ORDER ON PLAINTIFF'S MOTION TO LIFT STAY |
| Defendants | ) |
| | ) **IN RE ECF NO.** 107 |

Plaintiff Anthony Day ("Day") has moved to lift the stay of proceedings imposed by this Court on November 19, 2024. *See* ECF No. 107. For the reasons explained herein, the motion will be denied without prejudice to Day's right to seek relief from the automatic stay imposed or extended by the United States Bankruptcy Court for the Southern District of Texas.

Day is in the custody of the Pennsylvania Department of Corrections ("DOC") and dependent upon it for his medical care. He commenced this civil rights action alleging that DOC officials and prison medical personnel have responded and continue to respond with deliberate indifference to his Opioid Use Disorder ("OUD") in violation of his rights under Eighth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Pennsylvania law. The DOC-employed Defendants are Secretary Dr. Laurel Harry, Medication Assisted Treatment Statewide Coordinator Steven Seitchik, Bureau of Health Care Services Director Erica Benning, SCI Albion Superintendent Patricia Thompson, Chief Healthcare Administrator Michael Edwards, and Registered Nursing Supervisor Tiffany Wills (collectively

"DOC Defendants"). In addition, Day asserts claims against the following medical personnel who are employed or otherwise associated with Wellpath, LLC., a private company with which the DOC has contracted to provide medical services at its state correctional institutions: Site Medical Director Dr. Lisa Baird and Physician's Assistants Daniel Stroup and Zachary Jacobsen, ("Medical Defendants"). As relief, Day seeks monetary, injunctive, and declaratory relief.

While proceedings were pending on Day's motion for a preliminary injunction, the Medical Defendants filed a Suggestion of Bankruptcy and Notice of Stay regarding Wellpath Holdings, Inc. ("Holdings"), the parent or managing member of Wellpath, LLC., advising that on November 11, 2024, Holdings had filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. *See* Doc. Nos. 105,109. Holdings' petition for relief included a corporate ownership statement identifying entities owned by Holdings that are also considered the debtor under the petition and subject to the protections of the automatic stay imposed by 11 U.S.C. § 362. These entities include Wellpath, LLC. Based on the Suggestion of Bankruptcy and the Medical Defendants' representation that they were employees of Wellpath, LLC, this Court entered an Order staying this case on November 19, 2024. Shortly thereafter, Day moved to lift the stay on the grounds that the Medical Defendants are not a debtor protected by the automatic stay or the Bankruptcy Court's interim order extending the stay to related entities.

Thereafter, the Medical Defendants provided affidavits attesting that Wellpath, LLC employs the physicians, physician assistants, and certified nurse practitioners who work in the DOC's state correctional institutions, including the Medical Defendants, and that it provides the insurance coverage for and is obligated to defend and indemnify these employees. The Court

deferred action on Day's motion to lift the stay pending further proceedings scheduled in the Bankruptcy Court that were likely to impact the stay.

On January 14, 2025, pursuant to 11 U.S.C. § 362 and its equitable power and authority under 11 U.S.C. § 105, the Bankruptcy Court entered a Stipulated and Agreed Amended Order which, among other things, enforced the automatic stay as follows: (1) "any claims or causes of action that have been or may be asserted against the Debtors, the Debtors' director or officers, the Debtors' current or former employees to the extent the Debtors are also named defendants in the underlying lawsuit" are stayed pending confirmation of a reorganization plan or dismissal of the bankruptcy case, and (2) "[a]ny claims or causes of action that have been or may be asserted against any of the Professional Corporations or their current and former employees, or current or former employees of the Debtor to the extent the Debtors are not named defendants in the underlying lawsuit," these are stayed on an "interim basis to and including February 18, 2025, to provide the Debtors the opportunity...to confirm and substantiate the scope and extent of the Debtors' indemnification obligations owed to these parties as well as any relevant insurance considerations." *In re Wellpath Holdings, Inc., et al.*, No. 24-90533 Bankr. S.D. Tex.) at ECF No. 962 (emphasis added, footnote omitted). Under the Stipulated and Agreed Amended Order, the Bankruptcy Court will (1) revisit the propriety of the stay on or before April 30, 2025, as it pertains to the first group of claims – those asserted against the Debtors, the Debtors' directors and officers, and current and former employees – and the stay will lapse on that date if not extended; and (2) revisit the propriety of the stay on February 18, 2025, as it pertains to second tranche of claims – those against the Professional Corporations (as defined by Stipulation), or the Debtors' current or former employees to the extent the Debtors are not named as defendants -- and the stay will lapse on that date if not extended. *Id.*

3

There is not complete unanimity of opinion among the district courts regarding the source and extent of a bankruptcy court's authority to stay cases and claims against non-debtor entities and employees. *Compare Savoie v. Oliver*, 2024 WL 5286887, at *1 (E.D. Mich. Dec. 4, 2024) (declining to recognize extension of the Bankruptcy Court's stay to non-debtor entities or employees absent use of authority and process under 11 U.S.C. § 105) with *McLemore v. Cnty. of Mahoning*, 2024 WL 5247847, at *2 (N.D. Ohio Dec. 30, 2024) (recognizing Bankruptcy Court's authority to extend stay to non-debtor entities and employees). In this case, the Court is convinced that the Bankruptcy Court's Stipulated and Agreed Amended Order is substantively and procedurally proper under 11 U.S.C. § 362 and 11 U.S.C. § 105. The Court is mindful that Day has previously alleged that he was being denied medications necessary to effectively treat his OUD and that the stay prevents the Court from proceeding with the hearing on his request for injunctive relief.[1] But any request for relief from the stay must be made to the Bankruptcy Court. And the Bankruptcy Court's Stipulated and Agreed Amended Order provides a procedure whereby consensual stay relief can be granted without a motion. Thus, Day may seek consensual relief from the stay or file a motion to lift or modify the stay as it applies to his claim for injunctive relief.

For these reasons, Day's motion to lift the stay is denied without prejudice to his right to seek such relief through the Bankruptcy Court. Should the Bankruptcy Court grant relief from its stay of this case, this Court will promptly lift its stay order.

ORDERED and DATED this 22nd day of January, 2025.

---

[1] On January 15, 2025, Day's counsel transmitted an email to the Court's chambers with a copy to all defense counsel advising that Day "is now receiving the medication (buprenorphine) requested in his lawsuit, and therefore the parties agree that a preliminary hearing is not necessary at this time." Although the email did not withdraw Day's motion for injunctive relief, it appears that it is moot at this time.

4

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE